UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
VENUS YVETTE R.,

                 Plaintiff,       <u>DECISION AND ORDER</u>
                                    1:25-CV-00282-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In October of 2021, the Commissioner of Social Security determined that Plaintiff Venus Yvette R.[1] was no longer entitled to receive Disability Insurance Benefits or Supplemental Security Income benefits under the Social Security Act. Plaintiff, represented by Ny Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's termination of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

This case was referred to the undersigned on October 17, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14). For the following reasons, Plaintiff's motion is due to be granted and this case is remanded for further administrative proceedings.

## I. BACKGROUND

### A.    *Administrative Proceedings*

In October of 2010, Plaintiff was found to be disabled within the meaning of the Social Security Act beginning on November 23, 2006, and was awarded benefits. (T at 11).[2] A review was conducted in October of 2014 and the Social Security Administration concluded that Plaintiff remained disabled. (T at 11).

On October 27, 2021, the Social Security Administration determined that Plaintiff was no longer disabled. (T at 11, 100-13).  Plaintiff requested reconsideration, which was denied. (T at 114-16, 145-49).  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 14, 2023, before ALJ Mark Solomon. (T at 42-63). Plaintiff appeared *pro se* and testified. (T at 49-58). The ALJ also received testimony from Helene Feldman, a vocational expert. (T at 59-61).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

B.    *ALJ's Decision*

On March 19, 2024, the ALJ issued a decision finding that Plaintiff's disability ended on October 27, 2021, and concluding that she had not become disabled again since that date. (T at 8-27).

The ALJ determined that the most recent favorable decision finding Plaintiff disabled was October 23, 2014, which is considered the "comparison point decision" ("CPD"). (T at 13).

The ALJ found that, as of the date of the CPD, Plaintiff had the following medically determinable impairments: cardiomyopathy, depressive disorder, diabetes, hypertension, hyperlipidemia, and obesity and did not develop any additional impairments between that date and October 27, 2021. (T at 13).

The ALJ concluded that, as of October 27, 2021, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

The ALJ then determined that medical improvement occurred on October 27, 2021. (T at 15).  The ALJ found that, beginning on that date, Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can

sit for 6 hours; stand/walk 6 hours; lift/carry 20 pounds occasionally and 10 pounds frequently; remember, understand, and carry out simple instructions; use judgment to make simple work-related decisions; adapt to routine and occasional changes in the workplace; and have occasional contact with supervisors, coworkers, and the public. (T at 15-16).

The ALJ concluded that Plaintiff's medical improvement related to her ability to work because it resulted in an increase in her RFC. (T at 20). The ALJ found that Plaintiff's impairments were still severe, as defined under the Social Security Act. (T at 20).

The ALJ determined that Plaintiff had no past relevant work. (T at 20). Considering Plaintiff's age (49 on the date of medical improvement; 51 on the date of the ALJ's decision), education (at least high school), work experience (no past relevant work), and RFC as of the date of medical improvement, the ALJ found that there were jobs that exist in significant numbers that Plaintiff can perform. (T at 21).

As such, the ALJ found that Plaintiff's disability (and entitlement to benefits) ended on October 27, 2021, and she has not become disabled within the meaning of the Social Security Act since that date. (T at 22).

On November 15, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on January 13, 2025. (Docket No. 1).  On June 16, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 14, 16).  The Commissioner interposed a brief in opposition to the motion on August 14, 2025. (Docket No. 16).  On September 12, 2025, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 17).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec*., 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

This framework applies to judicial review of a decision by the Commissioner to terminate benefits previously awarded to a claimant. *See, e.g., Rosario v. Comm'r of Soc. Sec*., No. 20-CV-6558 (BCM), 2022 WL

992889, at *10 (S.D.N.Y. Apr. 1, 2022); *McColl v. Saul*, 2019 WL 4727449,

at *6 (E.D.N.Y. Sept. 27, 2019).

A claimant who has been awarded disability benefits may thereafter

be determined to be no longer disabled if substantial evidence of "medical

improvement" supports the conclusion that the claimant can work. *See* 42

U.S.C. § 423(f)(1); *See Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.

2002); *Hathaway v. Berryhill*, 687 F. App'x 81, 83 (2d Cir. 2017) (summary

order) ("[Where] the individual's condition has 'improve[d] to the point

where he or she is able to engage in substantial activity' ... benefits are no

longer justified, and may be terminated ....")(citing *De Leon v. Sec'y of*

*Health & Human Servs*., 734 F.2d 930, 937 (2d Cir. 1984)).

The burden of proof to establish that a plaintiff has experienced a

medical improvement supporting a termination of benefits lies with the

Commissioner." *McColl*, 2019 WL 4727449, at *15 & n.13 (collecting

cases).

### B.    Sequential Evaluation Process – Medical Improvement

"Medical improvement" is defined as "any decrease in the medical

severity of [the claimant's] impairment(s) which was present at the time of

the most recent favorable medical decision that [he or she was] disabled or

continued to be disabled." 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i).

To determine whether medical improvement has occurred, "the Commissioner compares 'the current medical severity of the impairment ... to the medical severity of that impairment at the time' of the most recent favorable medical decision." *Veino*, 312 F.3d at 586-87 (quoting 20 C.F.R. § 404.1594(b)(7) (alteration in original)). The time of the most recent decision finding the claimant is disabled is considered the "comparison point decision" ("CPD").

With respect to claimants receiving disability insurance benefits, the medical improvement determination involves an eight-step procedure. *See Abrams v. Astrue*, No. 06 Civ. 0689 (JTC), 2008 WL 4239996, at *2 (W.D.N.Y. Sept. 11, 2008) ("The Commissioner has the burden of persuasion to demonstrate medical improvement, in accordance with the eight-step sequential evaluation process set forth in the regulations") (citations omitted)).

First, the ALJ asks whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). If not, the ALJ considers whether the claimant has an impairment that meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant has such an impairment, then disability will be found to continue. *See id*. §§ 404.1594(f)(2), 416.994(b)(5)(i).

If the claimant does not suffer from a Listing-level impairment, then Step Three requires the ALJ to determine whether there has been medical improvement as defined by the Regulations. *See id*. §§ 404.1594(f)(3), 416.994(b)(5)(ii).

If there has been medical improvement, then Step Four requires the ALJ to determine whether the improvement is related to the claimant's ability to do work, *i.e*., whether there has been an increase in the claimant's RFC, based on the impairment that was present at the CPD. *See id*. §§ 404.1594(f)(4), 416.994(b)(5)(iii). If the ALJ finds that the improvement was unrelated to the claimant's ability to work, then Step Five asks the ALJ to consider whether any exceptions apply. *See id*. §§ 404.1594(f)(5), 416.994(b)(5)(iv).

If medical improvement related to the ability to work is shown, then Step Six considers whether all a claimant's current impairments in combination should be considered severe, *i.e*., whether all impairments in combination significantly limit the claimant's ability to do basic work activities. *See id*. §§ 404.1594(f)(6), 416.994(b)(5)(v).

If the impairments are found to be severe, then Step Seven requires the ALJ to determine the claimant's residual functional capacity ("RFC")

and decide whether the claimant retains the RFC to perform his or her past relevant work. *See id*. §§ 404.1594(f)(7), 416.994(b)(5)(vi).

Finally, if the claimant is unable to perform his or her past relevant work, the ALJ determines whether the claimant can perform "any other work" that exists in significant numbers in the national economy, considering claimant's age, education, past work experience, and RFC. *See id*. §§ 404.1594(f)(8), 416.994(b)(5)(vii). If a claimant can perform such work, then disability will be deemed to have ended. *Id*.

## III.  DISCUSSION

The Court finds that a remand is required for further development of the record. Here's why.

It is well-settled that when considering whether to terminate disability benefits the ALJ "must compare 'the current medical severity of th[e] impairment[ ]... to the medical severity of that impairment[ ] at th[e] time' of the most recent favorable medical decision." *Veino v. Barnhart*, 312 F.3d 578, 586-87 (2d Cir. 2002) (quoting 20 C.F.R. § 404.1594(b)(7)).

The ALJ "must examine the medical evidence that existed at the time of the initial disability determination and compare it to the new medical evidence and submit both sets of medical evidence to [the reviewing] Court." *Hathaway v. Berryhill*, 687 F. App'x 81, 83 (2d Cir. 2017).

"Absent these previous medical records, 'the administrative record lacks a foundation for a reasoned assessment of whether there is substantial evidence to support the Commissioner's finding that [a present] condition represents an 'improvement.'" *Id.* (quoting *Veino*, 312 F.3d at 587).

In sum, "[b]efore making a determination that a claimant has experienced a medical improvement that terminates his or her disability, the ALJ must develop the record regarding two periods: [1] the period during which the claimant was most recently found to have been disabled and (2) the period during which plaintiff is alleged to have experienced the medical improvement that has ended his or her disability." *DeJesus v. Comm'r of Soc. Sec.*, No. 13-CV-2251 AJN HBP, 2014 WL 5040874, at *15 (S.D.N.Y. Sept. 29, 2014).

In the present case, the administrative record contains forty-one (41) pages of treatment records from 2013 and 2014 (T at 469-510) but notably does not include the actual determination of disability rendered in October of 2014.

Moreover, there is no evidence that the documents in the current record comprise the complete record upon which the 2014 disability decision was made.  Indeed, it would appear to be unlikely that benefits

would have been awarded without any assessment of Plaintiff's functioning from a medical professional.

In addition, and in the alternative, the earliest records referenced by the ALJ in his decision are from 2020 and there is no evidence, that the ALJ reviewed or considered the records that gave rise to the 2014 disability determination. (T at 16-19).

This was error requiring remand. *See Hathaway*, 687 F. App'x at 84 (remanding because "the ALJ did not cite or discuss any medical evidence that supported the initial finding of plaintiff's disability in 2001 or 2006, as is required under *Veino* …"); *Antoinette S. v. Comm'r of Soc. Sec.*, No. 21-CV-00106-LJV, 2023 WL 3585848, at *3 (W.D.N.Y. May 22, 2023)(" In sum, because the December 2013 determination and the evidence supporting that determination were not part of the record before the ALJ and are not in the record before this Court, 'the administrative record lacks a foundation for a reasoned assessment of whether there is substantial evidence to support the Commissioner's finding that [Antoinette's current] condition represents an improvement.'")(quoting *Veino*, 312 F.3d at 587); *Larena M. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1018 (WBC), 2022 WL 768659, at *4 (W.D.N.Y. Mar. 14, 2022)("Remand is required where '[t]he

ALJ did not cite or discuss any medical evidence that supported the initial finding of plaintiff's disability.'")(quoting *Hathaway*, 687 F. App'x at 84).

The Commissioner defends the ALJ's decision by arguing that (1) the inclusion of treatment notes from 2013 and 2014 satisfies the duty to develop the record and (2) there is ample substantive evidence to support the ALJ's conclusion that Plaintiff is no longer disabled, and a remand should not be granted on purely procedural grounds.

As discussed above, however, it is not evident that the 41 pages of treatment notes constitute the complete record supporting the October 2014 disability determination and, indeed, there is good reason to believe they do not.  Further, the ALJ did not reference any records from the prior determination, which is error requiring remand under applicable Second Circuit precedent, as referenced above.

Lastly, whether the duty to develop the record and consider the evidence from the prior disability determination is characterized as a procedural or substantive requirement, it is *required* and failure to satisfy this duty requires remand. *See DeJesus*, 2014 WL 5040874, at *15 ("This duty logically flows from the requirement that, in assessing whether a medical improvement has taken place, the ALJ must compare evidence from the last period in which the claimant was found to be disabled with

evidence from the period in which the claimant is alleged to have experienced improvement."); *Deronde v. Astrue*, No. CIV.A. 7:11-998, 2013 WL 869489, at *12 (N.D.N.Y. Feb. 11, 2013), *report and recommendation adopted*, No. 7:11-CV-0998 GTS/ESH, 2013 WL 868076 (N.D.N.Y. Mar. 7, 2013)("When a record is incomplete, a decision based thereon is not supported by substantial evidence.").

Th Court need not reach Plaintiff's additional arguments, regarding the ALJ's efforts to secure functional assessments from treating providers and Plaintiff's opportunity to cross-examine the vocational expert, because the ALJ's "failure to develop the record is a threshold issue that impacts other aspects of the disability claim …." *Miraglia v. Comm'r of Soc. Sec.*, No. 20-CV-1964(EK), 2022 WL 1556409, at *4 (E.D.N.Y. May 17, 2022); *see also Morales v. Colvin*, No. 13-CV-6844, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015)(declining to address claimant's additional arguments because "the ALJ's analysis may change on these points upon remand").

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED, and this case is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: November 4, 2025                    *s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge